AMY, J.,
concurring in the result.
_JjI also find a reversal and remand appropriate. Like the lead opinion, I find that the evidence introduced into the record was insufficient for the necessary factual finding regarding La.R.S. 9:5624.
However, I disagree that Bayou Teche’s exhibits constituted the totality of the evidence available for the trial court’s review. Instead, I find that the plaintiffs sufficiently introduced the exhibits attached to its memorandum in opposition into the record. The transcript reveals that, when the plaintiffs’ attorney suggested that it could supplement its previously filed exhibits, some of which were excerpts of larger documents, discussion ensued regarding limiting the submission to pertinent documents. The trial court noted that it would leave the record open for that purpose, stating:
THE COURT:
We will leave the record open for you to attach. And what are you going to attach, so that we will know, so the record’s not just open for everything. Because technically, it’s supposed to be done in court today, because otherwise the Court has no idea what comes into the record and it may be inappropriate. So tell me what is coming in.
MR. D’ALBOR [Counsel for the plaintiffs]:
Only the deposition of Mr. Glenn Dugas, the deposition of Bayou Teche Water Works, along with the exhibits attached to our brief. I believe the discovery responses of Bayou Teche— THE COURT:
Exhibit # 1—
RMR. D’ALBOR:
Yes, Your Honor.
THE COURT:
—the excerpts, Rick[ ]y Frederick, exhibit #2, answers and responses, the plaintiffs interrogatories [and] request for production. Let’s see. Okay. Exhibit # 4, Mr. Dugas’ excerpts from — or just the cover sheet from it.
MR. D’ALBOR:
Yes, Your Honor.
THE COURT:
So that’s I have exhibit # 114 [sic], deposition of Bayou Teche Water Works through its authorized representative, Rick[ ]y Frederick.
MR. D’ALBOR:
Yes, Your Honor.
THE COURT:
I have that. That’s going to be twenty-two pages attached to mine, under exhibit #2, the answers and responses to plaintiffs interrogatories and request for production of documents. And that was certified by Mr. Pitman, Lewis Pit-man, on November 19th, 2009 by Mr. Rick[]y Frederick. These are the exhibits you’re making reference to?
MR. D’ALBOR:
Yes, Your Honor.
THE COURT:
Okay. And the exhibit # 3, which was in fact the petition for damages filed in this case with a verification. Two verifications. One from Mr. Dugas and one from Mrs. Dugas and the request of
*832 notice by Mr. Dalton in exhibit #4. The only thing that should be coming into the record is Mr. Dugas’ deposition that was taken May 7th, '08 and the continuing of the deposition April 27th, '08.
MR. D’ALBOR:
Yes, Your Honor. And, Your Honor, if the Court — it’s my understanding, and I understand where the Court’s leaning, wants to take this matter under advisement and take some more time, and maybe have the opportunity to file a very short supplemental—
THE COURT:
Oh, no. No more briefs.
MR. D’ALBOR:
Okay.
|STHE COURT:
I’m doing it as a courtesy, guys. I don’t need any more briefs. And that’s a good thing. It is well briefed. I understand fully what the issues are and what the case law has said. Out of a courtesy to a young lawyer coming at the heels, of working behind other people, I will reread the cases that I think are the crux, but I don’t need any more briefs.
MR. D’ALBOR:
I understand, Your Honor.
THE COURT:
And the record is going to be left open for — Do you have those depositions? Well, for the depositions for the enlargement of exhibit #4 only. Well, the others — you didn’t file with. Yes, you filed exhibit # 1 through # 3.
MR. D’ALBOR:
Yes, Your Honor, we just as soon file a complete copy because of the voluminous—
THE COURT:
—so the record is going to be—
MR. D’ALBOR:
—copy.
THE COURT:
—open until close of business tomorrow to enlarge exhibit # 4 which is the deposition of Mr. Dugas.
If you want to do the whole thing, that is your business.
MR. D’ALBOR:
I understand.
THE COURT:
It costs and I would say no, just get to the pertinent parts that you made reference to. If you think every word is pertinent then put it there.
MR. D’ALBOR:
I understand. Thank you, Your Hon- or.
(Emphasis added.) I consider this passage to indicate that, even though the plaintiffs and the trial court anticipated that one of the exhibits would be supplemented, exhibits 1-3 and exhibit 4, which contained only the excerpt from Mr. Du-gas’ deposition, were introduced. All four exhibits appear in the record. In my opin-ionjjthe trial court acknowledged the introduction of those exhibits and was able to do so as they had previously been filed into the record as attachments to the plaintiffs’ memorandum.
I write separately to explain this because I believe that the record under review includes a broader evidentiary basis than is expressed in the lead opinion. Notwithstanding this different interpretation of the record before us, I agree that a reversal is required.